IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roy Lee Wade,<br><br>        Petitioner,<br><br>v.<br><br>Department of Mental Health,<br><br>        Respondent. | C/A No. 4:24-cv-1686-SAL<br><br><br>**ORDER** |

  Petitioner Roy Lee Wade, proceeding *pro se* and *in forma pauperis*, filled this action pursuant to 18 U.S.C. § 3582 for a "Writ for Compassionate Release." This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending dismissal of Petitioner's compassionate release action without prejudice and without issuance and service of process. [ECF No. 8.] For the reasons that follow, this court adopts the Report and summarily dismisses this action.

## BACKGROUND

  As outlined in the Report, Petitioner filed this action as a state civil detainee. He filed his petition in April 2024 requesting a "Writ for Compassionate Release." [ECF No. 1.] In particular, Petitioner alleges to meet the requirements under 18 U.S.C. § 3582 due to his age, medical conditions, and time served. *Id*. Petitioner contends that the Bureau of Prisons is not the gatekeeper of § 3582. *Id.*

  The magistrate judge recommends that Petitioner's § 3582 petition be dismissed without prejudice and without issuance and service of process. [ECF No. 8.] Attached to the Report was a notice advising Petitioner that he had the right to file objections to the Report and that he had

fourteen days to do so. *Id.* at 3. On April 19, 2024, the court received Petitioner's objections. [ECF No. 11.] This matter is ripe for this court's review.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal

2

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The relevant facts and standards of law on this matter are incorporated from the Report. In summation, Petitioner, held under state law, requests relief under a federal criminal statute. The magistrate judge recommends dismissal of Petitioner's action because no relief is available for a state civil detainee under § 3582. [ECF No. 14 at 1.] As noted by the magistrate judge, a federal criminal statute, specifically § 3582, is not applicable to those held under state law. *See* ECF No. 14; *Dodl v. Younce*, 2023 WL 4839598, at *1 (4th Cir. July 28, 2023); *Nguyen v. Unknown*, 2021 WL 326157, at *1 (W.D. Va. Feb. 1, 2021) (finding dismissal to be without prejudice so Petitioner could pursue his request in state court); *Ansel v. Cooper*, No. 3:10-CV-548-RJC, 2012 WL 3619266, at *3 (W.D.N.C. Aug. 21, 2012); *Taylor v. United States*, 2009 WL 2436581, at *1 (E.D. Va. Aug. 7, 2009). There is no relief for Petitioner because he is not in federal custody. *United States v. Wigfall*, No. 4:07-CR-00631-TLW, 2022 WL 1229021, at *2 (D.S.C. Apr. 26, 2022).

Petitioner objects to the Report. Largely, Petitioner's objections consist of general disagreements with the Report and assertions of his constitutional rights, but these general objections fail to point the court to any specific error in the Report. For example, Petitioner states that the Bureau of Prisons is not the gatekeeper, but instead "courts have the right to make [their] own decisions in what is compelling circumstances." *Id.* at 1. Additionally, he suggests he has been denied liberty without due process. *Id.* at 2. Petitioner fails to specifically object to the Report or explain how his arguments could overcome recommended reasons for dismissal. *Id.* at 1–2. As explained in the Report, Petitioner filed this action seeking relief under the federal

3

compassionate release statue, which is not applicable to him. And the claims he makes in his objections regarding his due process rights and violations of double jeopardy do not cure that deficiency. Accordingly, Petitioner's objections are overruled. Petitioner cannot request compassionate release pursuant to §3582 while held as a state civil detainee.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 8. For the reasons discussed above and in the Report, this action is **SUMMARILY DISMISSED WITHOUT PREJUDICE and WITHOUT ISSUANCE and SERVICE OF PROCESS**.

**IT IS SO ORDERED.**

October 2, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge